17264. GEORGIA NATIONAL BANK *v.* WALL.

STEPHENS, J. 1. One may hold land under a title void as against creditors and yet be entitled to the crop raised thereon by himself as a result of his labor and the expenditure of his money.

2. Where a woman owning farm lands and certain personal property thereon necessary to farming operations, which lands are incumbered by a mortgage, finds that she is in debt and is unable to conduct farming operations successfully on the lands, and conveys the lands and the personalty to her son in consideration of the son's assuming and paying off the mortgage and other valuable consideration, and in the conveyance retains a right to the use of the lands and the personalty for and during her life, with the right to remain in possession of the same, and continues in possession, operating the farm through her husband as her agent, and where it is afterwards agreed between her and the son that he is to conduct farming operations upon the lands, while she is to remain in possession and live on the lands with her husband, and where the son, pursuant to the latter agreement, employs the husband (who is his father) to manage the farm for him at an agreed salary, which is afterwards paid by the son, and where the mother and the father continue to live on the lands and the son continues to live elsewhere, but, under such arrangements, the husband acts as agent and raises a crop upon the lands, the expense of raising which is paid for by the son out of his own funds and out of funds raised by the sale of some of the personalty, and where the son pays nothing upon the purchase-price of the property except a part due on the mortgage, and the mother pays no rent, whether or not the conveyance to the son is void as in fraud of creditors and he acquires as against creditors no title to

---

Frauds, Statute of, 27 C. J. n. 223, n. 21.
Fraudulent Conveyances, 27 C. J. p. 667, n. 61.

the lands, and whether or not the lease from the mother to the son, under which he operates during the year the crop is made, is also void as being a fraud against creditors, the son nevertheless is · entitled to the crop made by him as a result of labor and supplies furnished by him. Irrespective of the state of the title to the property as affected by fraud, he in fact conducted the farming operations on his own account, and no inference or presumption is authorized that he gave his services or the crop to his mother, but it appears conclusively and without dispute that the title to the crop thus raised is in him.

3. Although the son in making the crop may have consumed the personal property upon the place, which belonged to the mother, this fact does not as a matter of law establish title in her to the crop.

4. In such a case, on the trial of the son's claim of title to the crop, filed after the crop had been levied upon as the property of the mother, under an execution against her, any issue as to fraud in the conveyance of title or the lease of the lands to the son was immaterial and irrelevant, and the trial judge did not err in not submitting such issue to the jury.

5. The true character of the mother's reserved interest in the property, whether it be an estate for life or a mere usufruct of the property, is immaterial in determining the title to the crop. Whatever may be the character of the title reserved in her to the property, the agreement between her and the son under which the son conducted the farming operations, unless invalid for fraud, is otherwise valid, although it was in parol.

6. The court committed no error harmful to the defendant, and fairly submitted the contentions of both parties. The evidence authorized the verdict for the claimant, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 5, 1927.

Levy and claim; from city court of Sylvester—Judge Monk. February 13, 1926.

*R. B. Williamson, E. L. Smith,* for plaintiff.

*Clifford E. Hay, Perry & Tipton,* contra.