## 17644.   THOMPSON v. SWAIN.

STEPHENS, J.   1. Upon the trial of a wife's claim to crops grown upon the lands of her husband and levied upon for his debt, where the issue presented by the evidence adduced to establish title in either the husband or the wife was whether the crops,. which were made as a · result of the manual labor of the husband and his minor children working under the supervision of the wife, who had taken·over from the husband the management and supervision of the farm after he had become insolvent and had engaged in other work, were made by the wife for herself, or by her as agent for her husband, and where the only evidence of any transfer of title by the husband to the wife was a conveyance of the land upon which the crops were made, which conveyance was made after the crops had been levied on and the claim of title to the crops filed, no issue as to any fraudulent conveyance made by the husband to defeat creditors, affecting the title to the property levied upon, was presented, and the court erred, to the prejudice of the claimant, in charging the jury the law in reference to the conveyance of real and personal estate in fraud of creditors.  *Georgia National Bank* v. *Wall*, 36 *Ga. App.* 564 (137 S. E. 129).

2. No issue is presented as to whether the arrangement entered into between the husband and the wife as to the cultivation of the land was a scheme or transaction in fraud of the husband's creditors, since it does not appear that the creditor, who extended the credit to the husband during the year preceding that in which the crops were made but subsequent to such arrangement between the husband and the wife, was fraudulently induced to extend credit to the husband upon the belief that he was cultivating the land and was the owner of the crops made thereon.  The court erred in submitting such issue to the jury.

3. Under the issues as presented by the evidence, the court did not err in charging the jury that the earnings of the wife, in the absence of any express agreement otherwise between her and her husband, belonged to the husband.

4. Although it appears from the evidence that the labor of the husband contributed toward the making of the crops levied upon, the charge to the jury to the effect that the claimant contended that the husband

---

Appeal and Error, 4 C. J. p. 1029, n. 30; p. 1032, n. 36.
Executions, 23 C. J. p. 605, n. 72, 73.
Husband and Wife, 30 C. J. p. 825, n. 88; p. 827, n. 3.
New Trial, 29 Cyc. p. 786, n. 87.
Trial, 38 Cyc. p.,1617, n. 34; p. 1618, n. 36; p. 1810, n. 17; p. 1910, n. 23, 24; p. 1911, n. 25.

performed no service in making the crops was inaccurate and not adjusted to the evidence. This error, however, is harmless and insufficient as a ground for reversal.

5. The court committed reversible error as indicated in paragraphs 1 and 2. As a verdict was rendered for the plaintiff in fi. fa., the court erred in overruling the claimant's motion for a new trial.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.

DECIDED SEPTEMBER 29, 1927.

Claim; from city court of Sylvester—Judge Monk. August 23, 1926.

R. B. Williamson, for plaintiff in error.

Passmore, Forehand & Ford, contra.